# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY BEJARANO,<br><br>                      Petitioner,<br><br>   vs.<br><br>KIM HOLLAND, Warden,<br><br>                     Respondent. | CASE NO. 14cv947-LAB (JMA)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Bobby Bejarano, a prisoner in state custody, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636, the petition was referred to Magistrate Judge Jan Adler for report and recommendation. On July 16, 2015, Judge Adler issued his report and recommendation (the "R&R"), which recommended denying Bejarano's request for an evidentiary hearing, and denying the petition.

Bejarano initially filed no objections to the R&R, and the Court adopted it. Then, after the deadline had passed, he filed a request for an extension of time in which to object. In the interest of deciding the petition on the merits rather than by default, the Court vacated its earlier order denying the petition and granted him time to file objections. He has now filed those objections and the matter is ready for adjudication.

/ / /

**Background**

The R&R and Bejarano's objections agree on most of the significant facts, including the following. On June 21, 2012, in the prison yard at the California Correctional Institution at Tehachapi, California, Bejarano and another inmate, Juarez, assaulted a third inmate, Romero. Officer Garza saw the attack, ordered the yard down and notified other officers. Garza saw Bejarano and Juarez hitting Romero in the head and upper torso. He ordered them to stop. They complied and lay down in a prone position.

When Garza was putting Romero in restraints and searching him, he found a five-inch long metal shiv in the dirt where Romero was lying. Romero sustained four puncture wounds to his upper body. Prison staff later discovered that the state-issued shorts Bejarano had been wearing had been altered, by having three pockets sewn on the inside.

After disciplinary proceedings, Bejarano admitted committing battery on Romero. He was found guilty of battery on an inmate with a weapon, and assessed penalties including forfeiture of 180 days of good-time credit.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id*.

Because Bejarano's claims were adjudicated on the merits in state court, the Court can grant relief only if those proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court; or resulted in a decision based on an unreasonable determination of

the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The state courts' factual determinations are presumed correct, and this presumption can only be rebutted by clear and convincing evidence. § 2254(e)(1).

A prisoner has a protected liberty interest in good-time credits when the state has created the statutory right to such credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A writ of habeas corpus is the sole remedy available for loss of such credits. *Id.* at 554. Due process requires a showing of "some evidence" supporting the reviewing official's decision to revoke good-time credits. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447 (1985). There are other due process requirements, *see Wolff*, 418 U.S. at 563–70, but the adequacy of the evidence is the only basis on which Bejarano objects to the R&R. Under California law, a rules violation of the kind at issue here need only be established by a preponderance of the evidence. *See In re Zepeda*, 141 Cal. App. 4th 1493, 1497 n.4 (Cal. App. 4 Dist., 2006) (citing Cal. Penal Code § 2932(c)(5) and *Hill*, 472 U.S. at 457).

In deciding whether a petitioner is entitled to an evidentiary hearing, the Court must consider whether such a hearing could enable him to prove allegations that, if true, would entitle him to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). This determination is driven by AEDPA's standards. *Id.* For example, a hearing is not required on issues that can be resolved with reference to the record. *Id.*

**Discussion**

The standards for habeas relief under 28 U.S.C. § 2254 permit federal habeas relief only if the state courts unreasonably determined that the reviewing official's decision was supported by some evidence. It is not enough for this Court to disagree with the reviewing official's determination. Nor may the Court determine for itself whether the reviewing official's decision was supported by some evidence, or even whether the state courts' decision was correct. If the state courts' decision is even debatably correct, the writ is unavailable. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (state court's rejection of a claim precludes habeas relief so long as fairminded jurists could disagree about whether state court's determination was correct); *Wood v. Allen*, 558 U.S. 290, 301 (2010) (federal court may not

characterize state courts' factual determinations as unreasonable merely because the federal court would have reached a different conclusion). Here, Bejarano must surmount an extremely high hurdle to show he is entitled to either a hearing or relief.

Bejarano's objections essentially amount to an argument that the reviewing officer weighed the evidence incorrectly, that the evidence was not credible, or that because the evidence was in conflict, the officer should have reached a different conclusion. He believes that instead of being found guilty of attacking an inmate with a weapon, the conviction should have been for simple battery (*i.e.*, without a weapon). He provides a factual summary of the evidence and does not contest most of it. Nor does he offer any evidence of his own, other than his verified objections. He admits there was evidence he and Juarez together attacked Romero, that Romero suffered puncture wounds, that a metal shiv was found just after the attack on the ground where Romero had been lying, and that he had pockets sewn into his shorts. (Docket no. 30 (Obj. to R&R, 5:1–24).)[1] But he argues that the evidence was in conflict or not credible, and was therefore insufficient to support his conviction for attacking Romero with a weapon. (*Id.* at 7–9.)

For example, Bejarano objects that the reviewing officer relied on two officers' reports, but not two other officers' reports, whose account he believed was more reliable. (Obj. to R&R, 7:16–20.) He complains that the officer accepted his admission of battery but found his testimony otherwise not credible (*Id.*, 7:21–23), as if the reviewing officer were required to accept or reject his testimony as a whole.

But the officer's decision (Docket no. 11-2 (Lodgment 2)) shows that the officer considered the reports of two officers who saw the assault and the discovery of the weapon (*id.*, 4–5), Bejarano's admission that he committed battery (*id.*, 3 and 6), and prison staff's report about the pockets sewn into Bejarano's shorts. (*Id.*, 7.) The officer also considered medical evidence that Romero's puncture wounds could not have been caused by debris or objects on the ground. Under state law, the officer determined, accessories before the fact

---

[1] Bejarano later argues his shorts had no pockets in them (*id.*, 7:23–27, 8:17–19), but he offers no clear and convincing evidence to rebut this determination.

are treated as principals; thus, regardless of whether Bejarano or Juarez stabbed Romero with the shiv, both could be guilty. (*Id.*, 6.) The officer determined, based on the evidence before them, that Juarez and Bejarano were acting in concert when they attacked Romero. (*Id.*)

The officer's determination that Bejarano participated in stabbing Romero was obviously supported by some evidence. The state courts' determination that the officer's determination met the "some evidence" standard was thus necessarily reasonable. Bejarano's arguments that the officer failed to weigh the evidence correctly and reach the right conclusion cannot serve as a basis for habeas relief.

Bejarano objects that the R&R did not consider some of the evidence (Obj. to R&R, 7:20–21), and offers his own alternative theories for how Romero sustained puncture wounds, but even if this is so, it does not change the outcome. Even if Bejarano were granted a hearing, the record establishes that he cannot show the state courts unreasonably determined that the reviewing officer's decision was supported by some evidence.

**Conclusion and Order**

For these reasons, the Court **OVERRULES** Bejarano's objections and **ADOPTS** the report and recommendation. Bejarano's request for a hearing is **DENIED** and the petition is also **DENIED**. The Court also **DENIES** a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

**IT IS SO ORDERED**.

DATED:  November 3, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

14cv947